UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:01-CR-296 RLW |
| KENNETH COLEMAN, | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion for Emergency Administrative Stay and Stay Pending Appeal (ECF No. 427). Defendant Kenneth Coleman opposes the motion through appointed counsel and it is fully briefed. For the following reasons, the motion is denied.

**Background**

The Court granted Coleman's motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and United States Sentencing Guidelines § 1B1.13(b)(6) and reduced Coleman's sentence from 709 months to 336 months. United States v. Coleman, 2024 WL 3372847 (E.D. Mo. July 8, 2024) (ECF No. 424). An Amended Judgment was entered on July 9, 2024 (ECF No. 425). The federal Bureau of Prisons' ("BOP") Inmate Locator website shows Coleman's new anticipated release date is April 16, 2025, over eight months from now.[1]

The Government's Notice of Appeal is due by August 8, 2024. See Fed. R. App. P. 4(b)(1)(B). In the motion before the Court, the Government states it intends to appeal the Court's July 8, 2024 order, pending required authorization from the Office of the Solicitor General, on the grounds that (1) binding Eighth Circuit precedent precludes relief, and (2) the Department of

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 22, 2024).

Justice has taken the position that the Sentencing Commission lacked authority to promulgate U.S.S.G. § 1B1.13(b)(6).

The Government's motion requests two forms of relief. First, it seeks an "emergency administrative stay" of 30 days to permit it to file a notice of appeal and for this Court and the Eighth Circuit to consider a stay pending appeal. The Government asserts that absent such a stay, the purpose of an appeal will be frustrated because Coleman is likely to be moved to a residential reentry center before the Solicitor General makes a decision to authorize an appeal, and may be completely released before the appeal is final. Second, the Government requests a full stay of the Court's sentence-reduction order to maintain the status quo during the pendency of an appeal.

Coleman responds that a stay pending appeal is an extraordinary and disfavored remedy that places a heavy burden on the moving party. Coleman argues the Government cannot meet its burden for a stay because it cannot show that the Court's order is likely to be overturned on appeal, that it will be irreparably injured in the absence of a stay, or that a stay pending appeal is in the public interest. Coleman asserts that the Government will have ample time to file a notice of appeal and begin the appellate process before he is released from federal BOP custody, and can file a protective notice of appeal and move the Eighth Circuit for both an administrative stay and a stay pending appeal if this Court declines to enter a stay of its order.

**Legal Standard**

A request for a stay pending judicial review is determined by evaluating four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)) (parallel citations omitted). The first two factors of the standard "are the most

critical." Id. at 434. "Once an applicant satisfies the first two factors, the . . . stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." Id. at 435. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34.

"A stay is not a matter of right, even if irreparable injury might otherwise result." Id. at 433 (quoted case omitted). "It is instead an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." Id. (quoted case omitted). The stay factors "contemplate individualized judgments in each case." Hilton, 481 U.S. at 771.

**Discussion**

As an initial matter, the Court will deny as moot the Government's motion for an emergency administrative stay, because the Court addresses on a timely basis the Government's motion for a full stay pending resolution of any appeal.

After careful consideration of the relevant factors, the Court finds that the Government has failed to meet its burden to establish that a stay pending resolution of any appeal is warranted. First, the Government does not make a "strong showing" that it is likely to succeed on the merits. In its order granting Coleman's sentence reduction, the Court discussed the Government's arguments that binding Eighth Circuit precedent foreclosed Coleman's claim that non-retroactive changes in the law can serve as a basis for sentence reduction under 18 U.S.C. § 3582(c), and that the 2023 amendment to the Sentencing Guidelines permitting consideration of nonretroactive changes in the law is invalid. Coleman, 2024 WL 3372847, at *6-7. The Court explained why it found each of the Government's supporting arguments unpersuasive, as have other judges in this District. The Court incorporates that discussion here by reference, and for the same reasons finds the Government does not establish a strong showing that it is likely to succeed on the merits on appeal. The Court's conclusion is supported by the first circuit court decision on the issue, in which

3

the Fifth Circuit Court of Appeals rejected similar arguments by the Government. See United States v. Jean, __ F.4th __, 2024 WL 3409145, at *11-12 (5th Cir. July 15, 2024).

Second, the Government does not establish that it will be irreparably injured absent a stay. As stated above, Coleman is due to be released from the BOP on April 16, 2025. Even if the BOP transfers Coleman to a residential reentry center, he will remain in BOP custody until mid-April 2025. The Court finds that the possibility of such a transfer cannot constitute irreparable injury to the Government. Compare Nken, 556 U.S. at 435 (concluding that an alien's removal from the United States was a "serious burden" but was "not categorically irreparable"). If the Government obtains authorization to appeal and Coleman is transferred to a residential reentry center during the pendency of the appeal, he can be transferred back to a BOP institution if this Court's order is reversed. And for the reasons discussed at length in the sentence reduction order, the Court finds that Coleman has been rehabilitated during his years of confinement, he does not present a danger to the safety of any other person or to the community, and the factors of 18 U.S.C. § 3553(a) favor his release. Coleman, 2024 WL 3372847, at *10-11, 12-13.

Moreover, the Government cannot establish irreparable injury because it has other means to obtain the relief it seeks. It can request additional time from this Court to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b)(4), or it can file a protective notice of appeal, and then move the Eighth Circuit for an administrative stay and a stay pending appeal.

**Conclusion**

For the foregoing reasons, the Government does not meet its burden to establish either the first or second stay factor. As a result, the Court need not address the third and fourth factors. See Nken, 556 U.S. at 435. The Government's motion for a stay pending appeal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Government's Motion for Emergency Administrative Stay and Stay Pending Appeal (ECF No. 427) is **DENIED as moot** to the extent it requests an emergency administrative stay, and is **DENIED** to the extent it requests a full stay during the pendency of any appeal.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of July, 2024.